Dear Hon. Justice Moore:
This office is in receipt of your request for an Opinion from the Attorney General on three (3) specific questions pertaining to the interaction between a justice of the peace and the constable for the Justice's ward.
Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. IF THE JUSTICE OF THE PEACE DECIDES HE OR SHE DOES NOT WANT TO USETHE DULY-ELECTED CONSTABLE FOR SERVICE OF PROCESS, THEN ARE THE SERVICESMADE BY SOMEONE OTHER THAN THE CONSTABLE LEGAL?
LA.REV.STAT. § 13:3478 pertains to and governs when a constable is required to act in furtherance of his office:
§ 3478. Constable or deputy constable to act when not disqualified orunwilling or unable to act
 When there is a constable or duly appointed deputy constable not disqualified to act because of relationship, or unable to act on account of sickness or other cause, and who is willing to act, and who is personally present when conservatory writs are sued out, then and in these cases, the justice of the peace for whose ward said constable shall have been elected or appointed and qualified, shall employ said constable or his duly appointed deputy constable to the exclusion of the sheriff or his deputy, or a special deputy constable, to *Page 2 
execute all orders, citations, summons, seizures, and writs in civil cases, and in such cases services made by other than said constable or his duly appointed deputy constable shall be void and of no effect.[1]
In our opinion, LA.REV.STAT. § 13:3478 requires a justice of the peace to employ a duly-elected or-appointed constable to execute all orders, citations, summons, seizures, and writs in civil cases to the exclusion of the sheriff or his deputy, or a special deputy constable, if the constable is willing to act unless the constable is disqualified to act because of a relationship or an inability to act due to sickness or other cause. Consequently, it is our opinion a justice of the peace does not have authority to, as you state, "decide" he or she does not "want" to employ a duly-elected constable for service of process (and instead use someone else). Furthermore, we are of the opinion that should a justice of the peace employ someone other than a duly-elected constable for service of process when the constable is willing to act, and not encumbered by a disqualification or by an inability to act, any service made by that other person is void and of no effect.
As you describe it, the constable in question has formally advised the justice of the peace on several occasions that he is willing and able to perform his duties. But because of a "personality conflict", the justice of the peace "refuses" to employ the constable to serve any court papers. It is our opinion the justice of the peace in question does not have authority to do this and may be in violation of LA.REV.STAT. § 13:3478
by doing so. It appears as though the only time a justice of the peace may employ someone other than the duly-elected constable is when the constable is unable to or refuses to act (because of a relationship, sickness, or another cause).[2] Only at that point, the justice may employ the sheriff or his deputy or appoint a special deputy constable to serve the court's documents.[3] *Page 3 
 2. CAN THE CONSTABLE DEMAND FIFTY PERCENT OF THE FILING FEES (AS PERLA.REV.STAT. § 13:2590(B)) EVEN THOUGH THE JUSTICE OF THE PEACE REFUSESTO ALLOW HIM TO PERFORM HIS DUTIES?
According to LA.REV.STAT. § 13:2590(A), a justice of the peace may demand and receive up to a certain amount of money for filings in civil matters in his court.[4] LA.REV.STAT. § 13:2590(B) then provides fifty percent (50%) of the fees generated as the result of aforementioned filings shall be used for fees and operational expenses of the constable's office.[5] So we are of the opinion that the constable in question would be entitled to fifty percent (50%) of the filing fees in the justice of the peace court regardless of whether the justice is practically preventing him from performing his duties.
3. SINCE THE JUSTICE OF THE PEACE INTENTIONALLY PREVENTS THE CONSTABLEFROM PERFORMING HIS DUTIES IS THIS MALFEASANCE?
We are of the opinion that while the conduct of the justice of the peace, as described by you in your request, may be improper (and in violation of LA.REV.STAT. § 13:3478), it likely does not rise to the level of malfeasance. Malfeasance in office is defined as:
Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.[6] *Page 4 
While we are of the opinion that the justice's conduct, as described by you, does not likely rise to the level necessary to prove malfeasance, this Department is not necessarily in a position to ultimately make that decision. Instead, we suggest you contact the Louisiana Judicial Administrator Office — Office of Special Counsel.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 DAVID A. YOUNG
 Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA.REV.STAT. § 13:3478.
[2] LA.REV.STAT. § 13:3477.
[3] Id.
[4] LA.REV.STAT. § 13:2590(A). LA.REV.STAT. § 13:2590(A)(1) — (30) specifically delineate how much a justice of the peace can charge for a variety of acts and proceedings before his court.
[5] LA.REV.STAT. § 13:2590(B).
[6] LA.REV.STAT. § 14:134.